# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF INDIANA

Tyra Martin ) Case No. 23-21697-KL
)
Debtor(s) ) Chapter 13
)

## ORDER CONFIRMING PLAN

The Chapter 13 Plan of the above captioned Debtor(s), came before the Court for a Confirmation Hearing before the undersigned Bankruptcy Judge in his Courtroom on the 13th day of December, 2023. The Chapter 13 Standing Trustee appeared in person.

The Trustee reports to the Court that based on his examination of the Debtor and the Plan that the Plan should be confirmed.

It appears to the Court that the Chapter 13 Plan, or a summary thereof, including the Debtor's declarations contained therein, have been transmitted to all creditors, parties in interest, or parties or entities whose rights are affected in any way by the Plan, and due notice of hearing on confirmation has been given, and having heard objections to confirmation, if any, and the Court being duly advised in the premises hereby makes the following findings:

1. That the Plan complies with the provisions of Chapter 13, and with other applicable provisions of Title 11, United States Code.
2. That any fee, charge, or amount required under 28 U.S.C. Chapter 123, or by the Plan, to be paid before confirmation has been paid.
3. That the Plan has been proposed in good faith and not by any means forbidden by law.
4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7, Title 11, United States Code, on such date.
5. That with respect to each allowed secured claim provided for by the Plan:
    a. The holder of such claim accepted the Plan.
    b. (i) The Plan provides that the holder of such claim retain the lien securing such claim; and
    (ii) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each claim is not less than the allowed amount of such claim; or
    c. (iii) The Debtors surrender the property securing such claim to such holder.
6. That the Debtors will be able to make all payments under the Plan and comply with the Plan.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED**, that the Plan be and the same is (as modified) confirmed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that said Plan is hereby confirmed, subject to the following terms, conditions and restrictions, and that this order shall control over any Plan provision that is inconsistent herewith:

    That notwithstanding any provision in the Debtor's Plan that the Debtor(s) are to act as the Disbursing Agents regarding the regular post-petition real estate mortgage payments relating to the Debtor's principal residence, in the event that the Court subsequently finds that the Debtor(s) in acting in such capacity has impaired and will continue to impair the Debtor's ability to make such payments under, and to comply with the Plan, the Court may, without further notice and hearing, order that the Debtor(s) make any such payment to the Trustee, who will thereafter act as Disbursing Agent as to any such mortgage payment. Any such payment of the mortgage payment by the Trustee will not be subject to a percentage fee by the Trustee as opposed to the regular percentage fee assessed on all other plan payments.

2. That in the event that the Debtor(s) do not cause the Plan payments either to the Trustee or to any creditor to which the Debtor(s) are acting as Disbursing Agents to be timely made as required by the Plan as confirmed, or as hereafter modified, the Trustee may request, without notice and hearing, that the Court Order any entity from whom the Debtor(s) receive income to pay all or an part of such income to the Trustee pursuant toll U.S.C. Sec. 1325 ( c ).

3. That the application by the attorney for the Debtor(s) for the allowance of attorney fees for services rendered to the Debtor(s) having been considered, the Court finds that a reasonable fee for the routine and ordinary services performed or to be performed and undertaken by said attorney is $4000.00 of which $907.00 was paid to said attorney prior to the filing of the petition initiating this proceeding leaving an unpaid balance of $3093.00. That the unpaid balance of said fee shall be paid as a priority administrative claim pursuant to 11 U.S.C. Sec. 507(a)(1) and Sec. 503(b) as follows:
    a. One-half (1/2) of said unpaid balance shall be paid by the Trustee to said attorney upon confirmation out of the first monies received by the Trustee; provided however that said sum shall not be distributed until the Debtor(s) have paid to the Trustee a sum equal to one-half of the unpaid balance.
    b. The remainder of the unpaid balance shall be paid by the Trustee to said attorney pursuant to 11 U.S.C. Sec. 1326(b) at the rate of $50.00 per month, payable out of the first $50.00 received by the Trustee each month, until the unpaid balance of said monthly payments shall not commence until the Debtor's counsel has submitted a written review of all claims filed in the case to the Estate Administration for filing with the Court, and serve a copy thereof on the Trustee, said review to be dated and submitted after the day to timely file claims has run.
    c. The payment of any said fees can be suspended or fees disgorged by the Court, after notice and hearing, if the Debtor's attorney fails and refuses to properly render all reasonable and ordinarily legal services required to complete the Plan.

4. That the Debtor(s) shall maintain property damage insurance on any motor vehicles in which there is a security interest in an amount equal to the value thereof, and provide any such secured party with proof of insurance by reputable insurance company authorized to do business in the State of Indiana showing the secured party as loss payee. In the event the Debtor(s) fails or refuses to do so the Debtor(s) shall store any such vehicles, until such proof of insurance is provided to said secured party.

5. That the Debtor(s) shall maintain property damage insurance on any real estate in which there is a mortgage of that the Debtor(s) is/are purchasing pursuant to a real estate contract in an amount equal to the value thereof, and provide any secured party with proof of insurance by a reputable insurance company authorized to do business in the State of Indiana showing the secured party as loss payee. In the event of the Debtor's failure or refusal to do so, the Court shall enter such ex parte emergency relief as is just and property under the circumstances.
6. That the Debtor(s) shall not incur any additional debt during the term of the Plan without prior, written approval of the Trustee, except for emergency or routine medical, dental, optical, hospital, auto or home repair expenses.
7. That the Debtor(s) shall notify the Trustee immediately in writing of any change in the Debtor's address, or of any termination, reduction of, or change in the Debtor's employment, or of any additional employment obtained.
8. That the Debtor(s) shall not mortgage, sell or otherwise dispose, transfer or encumber any personal or real property without first obtaining written authorization from the Court after Notice and Hearing.
9. That the Debtor's Attorney shall review all claims filed versus the Debtor's estate after the time has run to file claims to determine whether they are legally valid and correct the amount claimed, and file a written report thereto with the Clerk of the Court, and serve a copy on the Trustee.
10. That the failure of the Debtor(s) to make Plan payments due to temporary lay off, illness, or unemployment shall not constitute a material event of a default under the terms of the confirmed plan which would be grounds to support a Motion to Dismiss of Convert until there has been a 60 day arrears on the plan payments.

Dated: December 14, 2023

*[signature]*
JSO1

---

Judge, U.S. Bankruptcy Court

Distribution:
Debtor, Debtor's Attorney
Trustee
U.S. Trustee